Maria ALANIZ, et al., Plaintiffs,

v.

CALIFORNIA PROCESSORS, INC., et al., Defendants.

Connie BARRIOS and Louise Lopez, Claimants-Appellants,

v.

CONTADINA FOODS, INC., Defendant-Appellee.

No. 82–4074.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 1982.

Decided Oct. 20, 1982.

---

Alan B. Exelrod, Exelrod & Mendelson, San Francisco, Cal., for plaintiffs.

Paula Champagne, Henry D. Lederman, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for defendants.

Before ANDERSON, ALARCON and NELSON, Circuit Judges.

PER CURIAM.

Plaintiffs Connie Barrios and Louise Lopez appeal to this court from a judgment entered by a United States magistrate on their claims of employment discrimination. We hold that in the circumstances of this case, the magistrate was not empowered to enter final judgment. We therefore dismiss the appeal for lack of jurisdiction.

In the district court, plaintiffs claimed that they were members of the class entitled to distribution from a fund established in settlement of an employment discrimination class action brought against defendant food processors. *See Alaniz v. California Processors, Inc.,* 73 F.R.D. 289 (N.D.Cal. 1976), *aff'd sub nom. Alaniz v. Tillie Lewis Foods,* 572 F.2d 657 (9th Cir.), *cert. denied,* 439 U.S. 837, 99 S.Ct. 123, 58 L.Ed.2d 134 (1978). On March 31, 1977, the district judge, "pursuant to Rule 53 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636," appointed the magistrate as a special master to rule on individual claims brought in accordance with the consent decree. On June 19, 1982, the district judge entered an "Order of Reference to the Magistrate as Special Master" which, tracking

the language of Fed.R.Civ.P. 53(e)(4),[1] provided that the decision of the special master would be the final decision of the court on factual issues and that appeals on matters of policy and issues of law affecting implementation of the decree could be taken to the district court.

The claims underlying this appeal were raised by requests for hearing filed in October 1980 and January 1981. The matters were jointly tried to the magistrate as provided for by the orders of reference. The magistrate issued his findings of fact and conclusions of law on January 14, 1982 and soon thereafter entered final judgment in favor of defendant. The question of this court's jurisdiction over plaintiffs' joint appeal from the judgment entered by the magistrate was raised at the prebriefing conference held in this case, and the parties have briefed the issue at the court's direction.

■ Were the issue of appellate jurisdiction to be decided solely on the basis of the district judge's orders of reference of March

1977 and June 1979, there would be no question but that dismissal would be required. A magistrate's decision in a case referred under 28 U.S.C. § 636(b)(2)[2] and Fed.R.Civ.P. 53 is not a decision of the district court within the meaning of 28 U.S.C. § 1291 and is not directly appealable to a court of appeals. *United States v. Haley,* 541 F.2d 678, 678 (8th Cir. 1974); *cf. Coolidge v. Schooner California,* 637 F.2d 1321, 1327 (9th Cir. 1981) (requirement that district judge review *de novo* decision of magistrate in case referred for trial).

■ In the circumstances of this case, however, the proper resolution is not apparent at first blush. As of October 10, 1979, federal magistrates are empowered to exercise plenary civil jurisdiction, including the entry of final judgment, when so designated by the district courts in which they serve and at the consent of the parties. 28 U.S.C. § 636(c)(1).[3] If the statutory requirements are met, the final judgment entered by a magistrate is directly appealable to the court of appeals without intervening review by a district judge. 28 U.S.C. § 636(c)(3).[4]

1. Fed.R.Civ.P. 53(e)(4) provides:
   *Stipulation as to Findings.* The effect of a master's report is the same whether or not the parties have consented to the reference; but, when the parties stipulate that a master's findings of fact shall be final, only questions of law arising upon the report shall thereafter be considered.

2. 28 U.S.C. § 636(b)(2) provides:
   A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

3. 28 U.S.C. § 636(c)(1) provides:
   Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or court he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate may exercise such

jurisdiction, if such magistrate meets the bar membership requirements set forth in section 631(b)(1) and the chief judge of the district court certifies that a full-time magistrate is not reasonably available in accordance with guidelines established by the judicial council of the circuit. When there is more than one judge of a district court, designation under this paragraph shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge.

4. 28 U.S.C. § 636(c)(3) provides:
   Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment of a district court. In this circumstance, the consent of the parties allows a magistrate designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of judgment of the district court in accordance with the Federal Rules of Civil Procedure. Nothing in this paragraph shall be construed as a limitation of any party's right to seek review by the Supreme Court of the United States.

Our concern then is whether, as contended by the parties in their responses to our orders, the magistrate was authorized to exercise subsection (c) jurisdiction over plaintiffs' claims.

We read the statute as imposing two express requirements for a magistrate's exercise of such jurisdiction. First, the magistrate must have been "specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1). Second, the parties must consent, without coercion by the judge or magistrate, to the magistrate's authority to hear the case and to enter judgment. 28 U.S.C. § 636(c)(2).[5]

We have little difficulty in determining that the first requirement was met here. Although the parties have failed, despite our explicit inquiry, to establish that the magistrate has been specially designated by the district court to exercise subsection (c) jurisdiction in appropriate cases, we are willing to assume for purposes of this opinion that the designation has in fact been made in accordance with the provisions of paragraph (1) of subsection (c).

This does not, however, establish that the magistrate was acting in this case pursuant to any authority granted him under subsection (c) as opposed to subsection (b), for the requirement of full and voluntary consent remains. Relying on the Fifth Circuit's reasoning that the proper analysis in this regard "involves determining the scope of authority to which the parties consented," *Glover v. Alabama Bd. of Corrections*, 660 F.2d 120, 123 (5th Cir. 1981), the parties ask us to view their conduct throughout the proceedings below as constituting the necessary consent. This we decline to do.

We agree with the Fifth Circuit that the scope of authority to which the parties consented is an appropriate means of resolving this question and one preferable to a mechanical test such as the date the magistrate assumed jurisdiction over the case. What the parties apparently fail to perceive, however, is that we nonetheless must determine how their consent is to be manifested. In this as well, we agree with the Fifth Circuit that a clear and unambiguous expression of consent is required to vest the magistrate with authority under subsection (c). *Id.* at 124. In the absence of a clear statement by the parties, the voluntariness of consent cannot be protected and we could be faced in any case with a retroactive attempt to expand or contract the magistrate's authority. We will not permit our jurisdiction to depend on inferences when both the statute and common sense call for precision.

In sum, we hold that jurisdiction is lacking over this appeal. Even assuming that the magistrate was specially designated to exercise subsection (c) jurisdiction, there is no clear and unambiguous statement on the record that the parties consented to that broad authority. The record reflects only a consent to proceed before the magistrate in accordance with 28 U.S.C. § 636(b)(2) and Fed.R.Civ.P. 53 as provided for by the district judge's orders of reference. Only the district judge, and not the magistrate, is therefore empowered to enter final judgment, and any review in this court must await further proceedings below.[6]

Appeal DISMISSED.

---

**5.** 28 U.S.C. § 636(c)(2) provides:
> If *a magistrate is designated to exercise* civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of their right to consent to the exercise of such jurisdiction. The decision of the parties shall be communicated to the clerk of the court. Thereafter, neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate. Rules of court for the reference of civil matters to magis-

trates shall include procedures to protect the voluntariness of the parties' consent.

**6.** We also note the existence of another problem with appellate jurisdiction in this case that would compel dismissal at this time apart from the magistrate's lack of authority to enter final judgment. The district court docket sheet reflects that defendant served and filed a timely motion under Fed.R.Civ.P. 52(b) to amend the findings of fact. The docket sheets also indicate that this motion was taken under submission on February 19, 1982, and that it remains

---

pending. Plaintiffs' notice of appeal, filed prior
to the disposition of this motion, therefore had
no effect and a new notice of appeal would be
required in any event after the motion was
decided. Fed.R.App.P. 4(a)(4). We do not rest
our decision to dismiss the appeal on this
ground, however, because of the need to pro-
vide guidance on the requirements of 28 U.S.C.
§ 636(c) and because of the possibility that a
dismissal on this ground alone would merely
defer to a later date the question of appealabili-
ty of the magistrate's judgment.

