Beverly Cooke SILBERSTEIN, Plaintiff,

v.

Robert Lee SILBERSTEIN, Defendant.

Robert Lee SILBERSTEIN,
Movant–Appellant,

v.

Robert I. KLIGMAN,
Respondent–Appellee.

No. 87–1923.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 15, 1988.

Decided Oct. 5, 1988.

---

Cathy Elaine Horwitz, Robert L. Silberstein Addoc, Ltd., Peoria, Ill., for movant-appellant.

James R. Morrison, Westervelt Johnson Nicoll & Keller, Peoria, Ill., for respondent-appellee.

Before CUMMINGS, EASTERBROOK, and MANION, Circuit Judges.

MANION, Circuit Judge.

In 1984, Beverly Silberstein, through her attorney, Robert Kligman, filed a "palimony" action in California state court against her former live-in lover, Robert Silberstein.

*See generally Marvin v. Marvin*, 18 Cal.3d 660, 134 Cal.Rptr. 815, 557 P.2d 106 (1976). Robert removed the case to federal district court in California. The district judge in California, upon Robert's motion, transferred the case to the Central District of Illinois.

While the case was in the Central District of Illinois, Robert and Beverly (who by that time was represented by new counsel) settled. Robert and Beverly stipulated that the case be dismissed, and the district judge dismissed the palimony action with prejudice. The stipulation and order, however, specifically reserved Robert's right to proceed against Kligman for sanctions. Wasting no time, Robert moved for Fed.R. Civ.P. 11 sanctions against Kligman the same day the district judge dismissed the palimony action with prejudice. The sanctions motion somehow ended up before a magistrate. We say "somehow ended up" because the record does not reveal how or under what authority the district court referred the sanctions motion to the magistrate. The magistrate denied Robert's sanctions motion. The district judge never reviewed the magistrate's decision or entered a final order.

■ We do not have jurisdiction over this appeal. 28 U.S.C. § 1291 grants the courts of appeals jurisdiction over the *district courts'* final judgments. A magistrate has no power to enter a final appealable judgment unless the district court properly refers the case to the magistrate and the parties consent to the magistrate's entering final judgment. 28 U.S.C. § 636(c)(1); *Geaney v. Carlson*, 776 F.2d 140, 142 (7th Cir.1985). The record contains no indication that the parties affirmatively consented to having the magistrate enter final judgment on Robert's Rule 11 motion. The parties did not consent either orally or in writing before the sanctions hearing, *see Lovelace v. Dall*, 820 F.2d 223, 225–26 (7th Cir.1987) (per curiam), nor did they even stipulate *after* judgment that they had previously consented to the magistrate's entering judgment, *see King v. Ionization International, Inc.*, 825 F.2d 1180, 1185 (7th Cir.1987). Without consent,

the magistrate had no power to enter an appealable final judgment.

Robert urges us to adopt the position taken by three judges in the Fifth Circuit and infer consent from the parties' conduct. *See Archie v. Christian,* 808 F.2d 1132, 1137 (5th Cir.1987) (en banc) (Judge Higginbotham, joined by Judges Politz and Johnson, specially concurring). We decline to do so. At least twelve circuits, including this one, have upheld § 636(c)'s constitutionality against arguments that it improperly vests the judicial power of the United States in non-Article III judges. *See Adams v. Heckler,* 794 F.2d 303, 306 (7th Cir.1986) (collecting cases from the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, D.C., and Federal circuits); *Geras v. Lafayette Display Fixtures, Inc.,* 742 F.2d 1037 (7th Cir.1984); *see also Sinclair v. Wainwright,* 814 F.2d 1516, 1519 (11th Cir.1987).[1] We have stressed, however, that the parties' valid consent is essential to § 636(c)'s constitutionality. *See Geras,* 742 F.2d at 1040–42; *Lovelace,* 820 F.2d at 225; *Adams,* 794 F.2d at 306–07. Because of the constitutional concerns surrounding § 636(c), we have insisted that the parties' consent be explicit, clear, and unambiguous. *Lovelace,* 820 F.2d at 225; *Adams,* 794 F.2d at 306–07; *Geaney,* 776 F.2d at 142; *accord Alaniz v. California Processors, Inc.,* 690 F.2d 717, 720 (9th Cir.1982) (per curiam). We have thus consistently refused to infer consent from the parties' conduct. *See King,* 825 F.2d at 1185; *Lovelace,* 820 F.2d at 225; *Adams,* 794 F.2d at 307; *accord Alaniz,* 690 F.2d at 720; *Hall v. Sharpe,* 812 F.2d 644 (11th Cir.1987); *see also* 12 C. Wright & A. Miller, *Federal Practice and Procedure* § 3077.3, at 63–64 (Supp. 1987). Robert's argument has not persuaded us to change our minds.

There are other reasons to insist on unambiguous, explicit consent. Section 636(c)(2) states that after the district court clerk notifies the parties of their right to consent to trial and judgment by a magistrate, "[t]he decision of the parties [regarding consent] shall be communicated to the clerk of the court." This language seems to contemplate that the court receive the parties' express consent before referring a case to a magistrate under § 636. Moreover, "the first characteristic of a good jurisdictional rule is predictability and uniform application." *Exchange Nat'l Bank of Chicago v. Daniels,* 763 F.2d 286, 292 (7th Cir.1985). Insisting on explicit, unambiguous consent and refusing to infer consent from conduct promotes predictability and uniform application. If the record does not contain the required express consent, we have no jurisdiction over the appeal from the magistrate's order. We see no virtue in "permit[ting] our jurisdiction to depend on inferences when both the statute and common sense call for precision." *Alaniz,* 690 F.2d at 720.

■ Referring cases to magistrates under § 636(c) can be useful in helping the district courts reduce their heavy caseloads. But appeals from judgments entered without authority cause wheels to spin and negate any benefits the court system as a whole gains from § 636(c). To avoid situations like the one in this case, it is essential that the district courts follow proper procedure in referring cases to magistrates under § 636(c). The court should make certain that the clerk notifies parties of their right to consent to trial and judgment by magistrate under § 636(c), and that copies of these notices appear in the record. The court should also insist on consent from the parties, preferably signed and in writing, *before* referring a case to a magistrate. And the court should make certain that the record includes an order of reference that plainly states under what statutory provision (§ 636(b) or 636(c)) the court is referring the matter. Forms 33 and 34 of the Appendix of Forms to the

---

1. The issue of § 636(c)'s constitutionality is not without debate. *See Geras,* 742 F.2d at 1045–54 (Posner, J., dissenting); *Pacemaker Diagnostic Clinic of America v. Instromedix,* 725 F.2d 537, 547–55 (9th Cir.1984) (Pregerson, J., dissenting); Note, *The Boundaries of Article III: Delegation of Final Decisionmaking Authority to Magistrates,* 52 U.Chi.L.Rev. 1032 (1985). But given the circuits' unanimous approval of § 636(c), this is neither the time nor place to revisit the issue.

Federal Rules of Civil Procedure provide examples of the written notice, consent, and order that should appear in the record when a district court refers a case to a magistrate under ·§ 636(c).

 The parties also have a responsibility to ensure that any purported final judgment a magistrate enters is properly appealable. Parties are expected to know, or find out, jurisdictional requirements. *Cf.* Circuit Rule 28(b). This court should not have been the first to notice that no district court judge ever entered a final judgment, and that no consent to a § 636(c) reference appeared in the record. Had the parties noticed, they might have cured the jurisdictional defect in the district court and had a final, appealable judgment to bring before us. But the parties did not catch this defect before it could be corrected; therefore, because the magistrate had no authority to enter an appealable final judgment we have no appellate jurisdiction and must dismiss this appeal.[2]

APPEAL DISMISSED.

---

**2.** Another jurisdictional question that we posed to the parties at oral argument was whether the domestic relations exception to the federal courts' diversity jurisdiction barred this palimo-ny action from federal court. *See generally Lloyd v. Loeffler,* 694 F.2d 489, 491–94 (7th Cir. 1982). Because we have no appellate jurisdiction we do not reach that question.