865 F.2d 1128
 In re SAN VICENTE MEDICAL PARTNERS LIMITED, Debtor.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff,
v.
AMERICAN PRINCIPALS HOLDINGS, INC., Defendant.
SAN VICENTE MEDICAL PARTNERS, LTD., Debtor-in-Possession-Appellant,
v.
Ashley S. ORR, Receiver of American Principals Corporation,
a California corporation, Receiver-Appellee.
 No. 87-6311.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 2, 1988.
Decided Jan. 17, 1989.
 
 Christopher M. Laquer, Jett and Laquer, Pasadena, Cal., for debtor-in-possession-appellant.
 James M. Gansinger, Gansinger, Hinshaw, Buckley and Schauer, Los Angeles, Cal., for receiver-appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before FLETCHER, CANBY and O'SCANNLAIN, Circuit Judges.
 
 ORDER
 
 1
 San Vicente Medical Partners, Ltd. ("SVMP") appeal a magistrate's award of administrative fees to Ashley Orr, receiver for SVMP's former general partner, American Principals Corporation ("APC"), a corporate subsidiary of American Principals Holdings, Inc. ("APHI"). We hold that in the circumstances of this case the magistrate was not empowered to enter final judgment, and hence we lack jurisdiction over the appeal. We transfer the matter to the district court.
 
 FACTS AND PROCEEDINGS
 
 2
 SVMP is a limited partnership formed to develop and construct an eleven-story medical office building condominium adjoining Cedars Sinai Hospital in Los Angeles, California. The syndicator and general partner was APC, a corporate subsidiary of APHI. APHI and its subsidiaries, based in San Diego, had syndicated, managed, or controlled and functioned as general partner for eighty-two limited partnerships.
 
 
 3
 In 1984, the Securities and Exchange Commission ("SEC"), alleging broad scale securities violations, as well as illegal shifting of funds among partnerships, instituted proceedings against APHI and its corporate subsidiaries. Ashley Orr accepted appointment as receiver for APHI, with which Orr had no prior association.
 
 
 4
 At the time Orr assumed his receivership, the San Vicente building shell was constructed but the interior was unfinished, the contractors were owed money, prior management had been forced to resign, the leasing program was ineffective, proposed rentals were over market because costs had exceeded budget, and the limited partners were understandably upset about the SEC action and the future of their investments. SVMP was never a party to the SEC/APHI receivership action. It was involved only because its general partner, APC, was a corporate subsidiary of APHI. In its order appointing the receiver, the district court brought the partnership into the receivership estate for "administrative purposes," which were undefined.
 
 
 5
 A year after his appointment, having completed construction of the building, Orr petitioned for and was granted court approval to spin off SVMP from the APHI receivership estate. San Vicente Real Estate Corp. ("SVREC"), composed of SVMP limited partners, assumed the role of general partner.
 
 
 6
 Orr apparently attempted to surcharge SVMP as it withdrew from the APHI receivership for unallocated expenses relating to all the real estate limited partnerships in the APHI estate. This request was denied without prejudice by the district court and was renewed at the time SVMP filed for bankruptcy.
 
 
 7
 Within two weeks after the spinout from the receivership, SVREC received notice from the construction loan noteholder, Bell Savings and Loan ("Bell"), that by terms of the note, the construction loan of $20,575,000 would mature on October 1, 1985. Bell had been declared insolvent by the Federal Savings and Loan Insurance Corporation ("FSLIC"), and had sold the SVMP note to an out-of-state savings and loan. SVREC negotiated with Bell to discount its construction note; initially the negotiations failed. SVMP filed for bankruptcy protection on February 14, 1986. SVMP then successfully negotiated sale of the building to Cedars Sinai Hospital for $18,250,000. The construction note was discounted to $14,500,000 and paid.
 
 
 8
 In April 1987, SVMP and Orr, as receiver for APHI, entered into a stipulation drafted by Orr:
 
 
 9
 That the claim of Orr against the debtor's estate for an award of administrative fees claimed by Orr for services rendered and expenses incurred by Orr, as receiver, on behalf of San Vicente Medical Partners, Ltd. ("SVMP") prior to the commencement of Chapter 11 proceedings shall be heard and decided by the Honorable Leland Nielsen, United States District Court Judge, or by anyone who the Honorable Leland Nielsen determines should hear and decide the matter. SVMP will have the right to raise any counterclaims which it asserts against Orr in that same proceeding.
 
 
 10
 The same day that the district court approved this stipulation, an order withdrawing reference of the SVMP Chapter 11 case from the bankruptcy court was entered. Also on the same day, an order referring Orr's claims for administrative fees to the magistrate's court was entered.
 
 
 11
 There is no evidence that the Clerk of Court notified the parties of their statutory right to consent to the magistrate's exercise of jurisdiction.
 
 
 12
 On June 26, 1987, two months after the assignment to the magistrate, who during that time had conducted unsuccessful settlement negotiations, SVMP sought to remove the reference to the magistrate. The district court denied that motion. SVMP had previously filed an adversary action in the bankruptcy court objecting to Orr's claim and counterclaiming for offset of certain expenses paid from partnership funds during Orr's receivership.
 
 
 13
 After a hearing, the magistrate issued his order awarding administrative fees and costs on August 7, 1987. From the August 7th order awarding costs, SVMP timely appealed directly to this court.
 
 DISCUSSION
 1. Standard of Review
 
 14
 Our jurisdiction to hear this appeal is a question of law subject to de novo review. In re McCauley, 814 F.2d 1350, 1351 (9th Cir.1987).
 
 2. Jurisdiction
 
 15
 Initially we must determine whether this claim was properly heard by a magistrate upon referral from the district court.
 
 
 16
 The grant of jurisdiction to a magistrate is found at 28 U.S.C. Sec. 636(c):
 
 
 17
 (1) Upon the consent of the parties, a full-time United States magistrate ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specifically designated to exercise such jurisdiction by the district court or courts he serves.
 
 
 18
 * * *
 
 
 19
 * * *
 
 
 20
 (2) If a magistrate is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of their right to consent to the exercise of such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate. Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent.
 
 
 21
 Consent is thus requisite for jurisdiction. See Pacemaker Diagnostic Clinic of America v. Instromedix, Inc., 725 F.2d 537, 541-43 (9th Cir.) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984).
 
 
 22
 There is no question that the parties voluntarily entered into the stipulation which the district court construed as consent for Orr's claim to be determined by a magistrate. The parties' understanding of the subject of the consent is, however, questioned. SVMP argues that it did not intend to consent to a magistrate hearing the matter when it entered into the stipulation quoted above. If SVMP did not knowingly consent to the magistrate hearing the claim and counterclaims, then the magistrate lacked the power to deal with the matter since consent is jurisdictional by terms of the statute. See Ambrose v. Welch, 729 F.2d 1084, 1085 (6th Cir.1984). At the motion hearing, SVMP's counsel testified that the purpose of the stipulation was to bring the merits of the claim directly to the district court for determination, to eliminate repetitive bankruptcy hearings by the district courts. Arguably, the parties did not consider the possibility that the matter would be referred to a magistrate. The language of this stipulation is impermissibly imprecise.
 
 
 23
 To avoid such problems of interpretation, we have held that a clear and unambiguous manifestation of the parties' consent to the magistrate's exercise of jurisdiction is required:
 
 
 24
 In the absence of a clear statement by the parties, the voluntariness of consent cannot be protected and we could be faced in any case with a retroactive attempt to expand or contract the magistrate's authority. We will not permit our jurisdiction to depend on inferences when both the statute and common sense call for precision.
 
 
 25
 Alaniz v. California Processors, Inc., 690 F.2d 717, 720 (9th Cir.1982).
 
 
 26
 In commenting on section 636(c)(2) of the Magistrates Act we have noted that the parties' explicit consent to the magistrate's jurisdiction is required and that the statute even mandates the Clerk of Court to notify the parties of their right to consent to such jurisdiction. See Daniels-Head & Associates v. Mercer, 819 F.2d 914, 918 (9th Cir.1987).
 
 
 27
 Here the parties' consent to a trial by a magistrate is not explicit. Indeed, there is no showing that at the time the stipulation was entered, a trial before a magistrate was contemplated. Nor does the record indicate that the Clerk of Court advised the parties of their rights.
 
 3. Conclusion
 
 28
 Our examination of the record leads us to conclude that the parties' imprecise stipulation relied on by the district court for the magistrate's referral does not meet the requisite "clear and unambiguous" standard.
 
 
 29
 Examples of the kind of explicit consent that would be sufficient are those that expressly refer to trial before a "magistrate" or before a named person who is a magistrate, or that refer to section 636(c).
 
 
 30
 Absent an equally explicit consent to trial by a magistrate, the magistrate was without jurisdiction to enter final judgment in the matter. Alaniz, 690 F.2d at 720. Accordingly, we lack jurisdiction to review the magistrate's purported orders. Id.; Tripati v. Rison, 847 F.2d 548, 549 (9th Cir.1988).
 
 
 31
 Rather than dismiss this appeal, however, we transfer this matter in the interest of justice pursuant to 28 U.S.C. Sec. 1631, to the district court for further action.
 
 
 32
 TRANSFER ORDERED.