85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In the Matter of LITIGATION RELATING TO the RIOT OF
SEPTEMBER 22, 1991, AT the MAXIMUM SECURITY UNIT
OF the MONTANA STATE PRISON.
Kenneth J. LAIRD; Ricky Worden; David T. Dawson; Vern
Kills on Top, et al., Plaintiffs-Appellees,
v.
Curt CHISHOLM; Jack McCormick; Gary Weer; Clyde Finch;
Myron Beeson; Noel Davidson; Barney Hedges; Charles
Miller; Thomas Paull; Cory Cassagrande; Dan Ford; Donald
Kelley; John O'Neill; Ron Paull; Stephen Antonich; Greg
Budd; Dan Hess; John Monaco; William Perry; James
Strong; John Ouldhouse; Mike Mahoney; John Johnson,
Defendants-Appellants.
Terry Alan LANGFORD, Plaintiff-Appellee
v.
Jack MCCORMICK; Gary Weer; Myron Beeson; Pete McPhail;
Michael J. Micu; Robert Geach, Defendants-Appellants.
 
 No. 94-35710.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1995.
Decided April 26, 1996.
 Before: WRIGHT, POOLE and WIGGINS, Circuit Judges.
 MEMORANDUM*
 POOLE, Circuit Judge:
 
 
 1
 Prison officials appeal a magistrate judge's denial of qualified immunity on claims brought by several death-row inmates. We hold that in the circumstances of this case the magistrate judge was not empowered to enter a final judgment, thus we lack jurisdiction over the appeal. We transfer the matter to the district court.
 
 BACKGROUND
 
 2
 In response to the prisoners' claims, defendants moved for summary judgment based on qualified immunity. The original parties all agreed to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). However, additional defendants were later added to the case. All parties concede that these defendants never explicitly consented to the magistrate judge's jurisdiction.
 
 DISCUSSION
 
 3
 Our jurisdiction to hear this appeal is a question of law which we review de novo. Harris v. McCauley (In re McCauley ), 814 F.2d 1350, 1351 (9th Cir.1987).
 
 
 4
 Magistrate judges can exercise jurisdiction in civil proceedings when designated by the district court in which they serve and with the consent of the parties. 28 U.S.C. § 636(c)(3). Consent is thus a prerequisite for jurisdiction. See Pacemaker Diagnostic Clinic of America v. Instromedix, Inc., 725 F.2d 537, 541-43 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 5
 The district court properly designated the magistrate judge. The original defendants also clearly consented by signing express consent forms. The only problematic issue, therefore, is the defendants added after the initial consent was given who never expressly consented. Their lack of consent is fatal to the magistrate judge's jurisdiction.
 
 
 6
 Plaintiffs contend that the additional defendants implicitly consented because they never objected to the magistrate judge's jurisdiction. These defendants, who were represented by the same attorney as the original defendants and thus had notice of their consent, filed a summary judgment motion and appealed the magistrate judge's ruling, all without objection. This court, in fact, raised the jurisdiction issue sua sponte. Although plaintiffs' contention is persuasive in these circumstances, it is not supported by circuit law. "[A] clear and unambiguous manifestation of the parties' consent to the magistrate's exercise of jurisdiction is required." Securities & Exchange Comm'n v. American Principals Holdings (In re San Vicente Medical Partners Ltd.), 865 F.2d 1128, 1130 (9th Cir.1989). "We will not permit our jurisdiction to depend on inferences when both the statute and common sense call for precision." Alaniz v. California Processors, Inc., 690 F.2d 717, 720 (9th Cir.1982). We, therefore, will not imply consent from the parties' actions in the absence of an "affirmative statement of consent." Columbia Record Prods. v. Hot Wax Records, Inc., 966 F.2d 515, 517 (9th Cir.1992).
 
 
 7
 Plaintiffs further contend that even if the additional defendants did not explicitly consent, they consented under Montana Local Rule 105-2(d), which deems parties to have consented to a magistrate judge's jurisdiction if they do not demand in writing an Article III judge within 10 days after service of the last pleading. We hold where, as here, explicit consent is obtained from some parties but not from others, we will not infer consent from silence because such consent does not meet the required "clear and unambiguous manifestation" standard. See In re San Vicente Medical Partners Ltd., 865 F.2d at 1130.
 
 
 8
 The next issue is whether the magistrate judge's order denying summary judgment remains valid as to the consenting defendants. We hold that it does not. The Federal Rules of Civil Procedure require that before a magistrate judge can exercise jurisdiction pursuant to § 636(c), all parties must consent. Fed.R.Civ.Proc. 73(a). Once the additional defendants were added to the action but did not expressly consent to the magistrate judge's jurisdiction, the magistrate judge lacked jurisdiction over the entire action. Although this circuit has never addressed the situation created by additional parties who have not consented to a magistrate judge's jurisdiction, our holding here is consistent with other circuits that have addressed this issue. See Mark I, Inc. v. Gruber, 38 F.3d 369, 370 (7th Cir.1994) (not only does the magistrate judge lack jurisdiction over the non-consenting added parties, he or she lacks jurisdiction entirely), New York Chinese TV Programs, Inc. v. U.E. Enterprises, 996 F.2d 21 (2nd Cir.1993), Caprera v. Jacobs, 790 F.2d 442, 443-44 (5th Cir.1986) (same, even though same attorney represented both original consenting defendants and later added non-consenting defendants).
 
 
 9
 Absent an explicit consent to the exercise of his jurisdiction by all parties, the magistrate judge lacked jurisdiction to rule on defendant's summary judgment motion, see Alaniz, 690 F.2d at 720. Accordingly, we lack jurisdiction to review the magistrate judge's order. See Tripati v. Rison, 847 F.2d 548, 549 (9th Cir.1988). Rather than dismiss this appeal, however, we transfer this matter in the interest of justice, pursuant to 28 U.S.C. § 1631, to the district court for further action. See In re San Vicente Medical Partners Ltd., 865 F.2d at 1131.
 
 
 10
 TRANSFER ORDERED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3