951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James H. ERBES, Petitioner-Appellant,
v.
James ROWLAND; Ron Koenig, Defendants-Appellees.
 No. 89-16064.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Dec. 16, 1991.
 
 Before CHAMBERS, WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Erbes, a California state prisoner appeals pro se the denial of his habeas corpus petition.
 
 
 3
 The district court held that Erbes had not exhausted his state remedies. Erbes contends that another inmate has taken this issue to the California Supreme Court and had his case denied. He further contends that other inmates have taken the same issue to the California Court of Appeal and had their cases denied. Therefore he believes it would be futile for him to go to the California Supreme Court.
 
 
 4
 It is settled law that a prisoner satisfies the exhaustion requirement by presenting all claims to the highest state court with jurisdiction to consider them. Picard v. Conner, 404 U.S. 270, 276 (1971). Erbes has not presented his claim to the California Supreme Court.
 
 
 5
 Erbes raises a second issue. As soon as Erbes learned that his case was being handled by a magistrate, he objected and asked to have the magistrate removed pursuant to 28 U.S.C. § 636(c)(1). 28 U.S.C. § 636(c)(1) is inapplicable because it only applies when magistrates are given the ability to enter judgment. The magistrate here, however, only entered findings and recommendations. Appellant's reliance on Alaniz v. California Processors, Inc., 690 F.2d 717 (9th Cir.1982), is similarly misplaced because it presented the question of consent to a magistrate's entry of final judgment under 28 U.S.C. § 636(c)(1) rather than the findings and recommendations under 28 U.S.C. § 636(b)(1)(B), the provision implicated here.
 
 
 6
 Erbes also contends that the magistrate should have been replaced for bias against him and against habeas petitioners in general. Erbes has failed to support this claim with any evidence, apart from a conclusory allegation that the magistrate has a generalized bias against all habeas petitioners. This is insufficient to sustain a claim of bias.
 
 
 7
 We affirm the district judge's denial of Erbes habeas corpus petition.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3