26 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe R. WARD; Rhonda J. Ward, Plaintiffs-Appellants,
v.
UNITED STATES DEPARTMENT OF INTERIOR; Bureau of Land
Management, Defendants-Appellees.
 No. 93-35939.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
As Amended on Denial of Rehearing
Aug. 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joe R. and Rhonda J. Ward appeal pro se the magistrate judge's denial of their motion for a temporary restraining order ("TRO"). The Wards sought to stop the Bureau of Land Management ("BLM") from entering their property to search for evidence that the Wards had removed trees from the land in violation of a scenic easement acquired by the government pursuant to the Wild and Scenic Rivers Act, 16 U.S.C. Secs. 1271-87. We transfer this matter to the district court for further action.
 
 
 3
 "The power of federal magistrates is limited by 28 U.S.C. Sec. 636." Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir.1993). Thus, unless the magistrate judge was authorized under section 636 to hear and determine the Wards' motion for a TRO, we must lack jurisdiction to review the matistrate judge's order. SEC v. American Principals Holdings, Inc., (In re San Vicente Medical Partners, Ltd.) 885 F.2d 1128, 1151 (9th Cir. 1989).
 
 
 4
 The only possible basis for the magistrate judge's order was section 636(c).[1] Section 636(c)(1) provides that "[u]pon special designation by the district court and with the consent of the parties, a magistrate judge may conduct 'any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case.' " Estate of Conners, 6 F.3d at 658 (quoting 28 U.S.C. Sec. 636(c)(1)). Here, there is no question that the district court specially designated the magistrate judge to hear and determine matters in accordance with section 636(c). See D.Ore.Loc.R. 135; Columbia Record Prods. v. Hot Wax Records, Inc., 966 F.2d 515, 517 (9th Cir.1992) (special designation may be by local rule). Rather, the question is whether the parties properly consented to the magistrate judge's authority.
 
 
 5
 Consent to a magistrate judge's exercise of jurisdiction must be full and voluntary. Alaniz v. California Processors Inc., 690 F.2d 717, 720 (9th Cir. 1982) (per curiam). Thus we have held that a clear and unambiguous manifestation of the parties' consent must appear in the record. Reynaga v. Cammisa, 971 F.2d 414, 416 n.2 (9th Cir.1992); In re San Vicente Medical Partners, Ltd., 865 F.2d at 1130-31.
 
 
 6
 In the absence of a clear statement by the parties, the voluntariness of consent cannot be protected and we could be faced in any case with a retroactive attempt to expand or contract the magistrate[ ] [judge's] authority. We will not permit our jurisdiction to depend on inferences when both the statute and common sense call for precision.
 
 
 7
 Alaniz, 690 F.2d at 720.
 
 
 8
 The record contains only two indications of the parties' consent to proceeding before the magistrate judge. First, the minute order setting the telephonic hearing for the Wards' motion for a TRO states that the parties orally consented to proceed before the magistrate judge and that the parties should file their written consent within ten days. Second, the transcript of the hearing contains a request by the government's counsel to note the parties' consent for the record. In neither of these instances is there an indication of the scope of authority to which the parties consented. See id. (scope of authority to which parties consent is relevant factor in determining whether magistrate judge's exercise of jurisdiction valid). Neither the Wards nor the government ever filed a written consent as instructed by the magistrate judge.
 
 
 9
 We therefore conclude that the record does not contain a clear and unambiguous statement of the parties' consent to the magistrate judge's exercise of section 636(c) jurisdiction. Thus, because the magistrate judge was not authorized to hear and determine the Wards' motion for a TRO, we lack jurisdiction to review the magistrate judge's order. Id. In the interest of justice, however, we transer this matter to the district court for further action. See 28 U.S.C. Sec. 1631; In re San Vicente Medical Partners, Ltd.[2] , 865 F.2d at 1131.
 
 
 10
 TRANSFER ORDERED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 636(b)(1) does not provide a basis for the magistrate judge's denial of the Wards' motion for a TRO because that section specifically excepts motions for injunctive relief from the types of pretrial matters a district court may designate a magistrate judge to hear and determine. See 28 U.S.C. Sec. 636(b)(1). Neither does section 636(b)(2) provide a basis for the order because that section only deals with special masters. See 28 U.S.C. Sec. 636(b)(2). Finally, section 636(b)(3) cannot provide a basis for the order because to interpret that section as allowing a magistrate judge to hear and determine a motion for a TRO as an "additional duty" would undermine section 636(b)(1)
 
 
 [2]
 In light of our decision, we deny the Wards' request for judicial notice as moot