<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 98-2125**

---

ROSARIO A. FIORANI, JR.,

                                        Plaintiff - Appellant,

        and

GRAYSON STUP; TOM DOE,

                                        Plaintiffs,

        versus

FORD MOTOR COMPANY; SHEEHY FORD, Dealership;
KOONS FORD OF TYSONS CORNER,

                                        Defendants - Appellees.

---

**No. 98-2337**

---

ROSARIO A. FIORANI, JR.,

                                        Plaintiff - Appellant,

        versus

CRYSTAL FORD, LIMITED; HOWARD CASTLEMAN, President; JASON MINARD, Director; MATTHEW HOLTZMAN, Manager; MATT COOPER, Finance Manager; RICKY DOWNS, Finance and Insurance; MOHAMED DIALO, Primary Salesman; UFN OUSMAN, Second Salesman; JOHN DOE, Third Party Purchaser,

Defendants - Appellees.

No. 98-2338

ROSARIO A. FIORANI, JR.,

Plaintiff - Appellant,

versus

TED BRITT FORD; STEVEN GONZALEZ,

Defendants - Appellees.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Chief District Judge; Barry R. Poretz, Magistrate Judge. (CA-98-53-MC, CA-98-886-A, CA-98-925-A)

Submitted:  March 16, 1999          Decided:  May 13, 1999

Before NIEMEYER and LUTTIG, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

No. 98-2125 dismissed, No. 98-2337 dismissed, and No. 98-2338 affirmed by unpublished per curiam opinion.

Rosario A. Fiorani, JR., Appellant Pro Se.   Anthony Eugene Grimaldi, MARTELL, DONNELLY, GRIMALDI & GALLAGHER, P.A., Fairfax, Virginia; Scott E. Snyder, LAW OFFICE OF ROGER S. MACKEY, Chantilly, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In No. 98-2125, Rosario A. Fiorani, Jr., appeals the magistrate judge's order denying without prejudice his ex parte "Motion to Compel Defendants to Sell Property" and moves this court for leave to proceed in forma pauperis. We dismiss the appeal for lack of jurisdiction. Absent consent of the parties to the magistrate judge's jurisdiction to enter final judgement under 28 U.S.C. § 636(c) (1994), this court has no jurisdiction to review a magistrate judge's order. See Silberstein v. Silberstein, 859 F.2d 40, 41-42 (7th Cir. 1988); Parks ex rel. Parks v. Collins, 761 F.2d 1101 (5th Cir. 1985). The record before the court does not reflect consent of the parties to the magistrate judge's exercise of jurisdiction or referral of the action to the magistrate judge under 28 U.S.C. § 636(c). Although we grant Fiorani's application to proceed in forma pauperis, we dismiss his appeal for lack of jurisdiction.

In No. 98-2337, Fiorani appeals the magistrate judge's order denying his motion for default judgment in his action alleging breach of a sales contract for an automobile purchase. We dismiss the appeal for lack of jurisdiction because the order is not appealable. This court may exercise jurisdiction only over final orders and certain interlocutory and collateral orders. See 28 U.S.C. § 1291 (1994); 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).

4

The order here appealed is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal as interlocutory.

In No. 98-2338, Fiorani appeals the district court's order dismissing without prejudice his complaint alleging various state claims and setting forth an action under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). We have reviewed the record and district court's order and find no reversible error. Accordingly, we affirm on the reasoning of the district court. <u>See</u> <u>Fiorani v. Ted Britt Ford</u>, No. CA-98-925-A (E.D. Va. Aug. 19, 1998).[*]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 98-2125 - <u>DISMISSED</u>

No. 98-2337 - <u>DISMISSED</u>

No. 98-2338 - <u>AFFIRMED</u>

---

[*] Although the district court's order is marked as "filed" on August 14, 1998, the district court's records show it was entered on the docket sheet on August 19, 1998. Pursuant to Fed. R. Civ. P. 58 and 79(a), we consider this date as the effective date of the district court's decision. <u>See</u> <u>Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

5