Jeston BROOMER and Reverdy Garrett, plaintiffs, on behalf of a class comprised of members of the General Teamsters, Chauffeurs, Helpers and Yardmen of Local No. 470,

v.

Peter P. SCHULTZ, President annd Business Manager of the General Teamsters, Chauffeurs, Helpers and Yardmen of Local No. 470, et al.

Civ. A. No. 36635.

United States District Court
E. D. Pennsylvania.
March 30, 1965.

James Francis McCort, Peter P. Zion, Lynwood Blount, Philadelphia, Pa., for plaintiffs.

Edward Davis, Philadelphia, Pa., for defendants.

JOSEPH S. LORD, III, District Judge.

Plaintiffs, Jeston Broomer and Reverdy Garrett, bring this action on behalf of themselves and "others similarly situated who have been meeting and assembling with plaintiffs for the purpose of correcting continuing abuses * * *." [1]

Broomer and Garrett are paid-up members in good standing of the General Teamsters, Chauffeurs, Helpers and Yardmen of Local No. 470, an unincorporated labor organization affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. The defendants are officers and business agents of the local Union (hereinafter called "Local").

· Jurisdiction is assertedly based upon 29 U.S.C.A. § 412.[2] The plaintiffs seek injunctive and other relief for various acts of the defendants.

---

1. Complaint, paragraph 17.

2. "Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located." Labor-Management Reporting and Disclosure Act of 1959, § 102, 29 U.S.C.A. § 412.

This court held hearings on October 23 and 27, 1964. Requests for findings of fact and conclusions of law and briefs have since been filed. Having considered these, together with the evidence, I deny plaintiffs' motion for a preliminary injunction.

The complaint raises numerous issues. Each type of alleged abuse will be dealt with separately in this opinion which will be deemed to be the court's findings of fact and conclusions of law.

■ Count I of the complaint alleges that the defendants, comprising the executive committee of the Local, failed to submit to the members for adoption a local constitution and bylaws, as required by 29 U.S.C.A. § 431. Section 412 of Title 29 gives the district courts jurisdiction to remedy violations of subchapter II. However, Section 431, relating to the adoption of constitutions and bylaws, is not contained in subchapter II, but in subchapter III, and Section 440 of Title 29 provides for the enforcement of subchapter III by the Secretary of Labor. Cf. Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). There is no provision for enforcement in the courts by private parties of subchapter III, and hence we are without jurisdiction over this complaint. Cf. Forline v. Helpers Local No. 42, 211 F.Supp. 315 (E.D.Pa., 1962).

Scattered throughout the complaint are various allegations springing out of plaintiffs' desire to have shop stewards elected by secret ballot. The following are the facts and the applicable law:

At a general membership meeting on March 15, 1959, a motion to elect stewards was defeated and a motion that the' president appoint stewards was carried by a majority.

On January 19, 1963, plaintiff Garrett was discussing the question of the election of shop stewards at a meeting when defendant Schultz ruled him out of order. He made no motion which Schultz refused to entertain, nor is there any evidence that he intended to submit any such motion.

In any event, on November 17, 1963, a motion was again made and seconded that shop stewards be elected by secret ballot. This motion was voted upon and again was defeated. Finally, in December 1963 Schultz refused to submit another identical motion by Garrett. There is no evidence that any further action has been sought by plaintiffs since December 1963.

■ In my opinion, this factual recitation makes it clear that plaintiffs' case lacks an essential ingredient for the issuance of a preliminary injunction. Such an order will only issue on a clear showing of imminent and irreparable harm. Almeida Bus Lines v. Curran, 209 F.2d 680 (C.A.1, 1954). The proof shows that twice identical motions were submitted and twice they were defeated. There is no showing that Garrett is being or will be in any way prevented from speaking again to the subject. There is no showing of any substantial probability that plaintiffs' rights under Section 411 will be violated in the future and hence the extraordinary remedy of preliminary injunction cannot be invoked.

■ The fact that the motion was not accepted in December 1963 does not alter this conclusion. The motion had just been defeated for the second time only the month before. The refusal to consider it again so shortly after its second defeat was not an interference with a member's right of free speech, but was a reasonable parliamentary rule.

■■ I find that the Local has held a vote by which it was decided that shop stewards should be appointed by the president of the Local. An objection to this means of selection cannot be made to the courts under 29 U.S.C.A. § 411. The right to election of union officers[3] is governed by 29 U.S.C.A. § 481 and the enforcement of this provision is governed by 29 U.S.C.A. § 482, which provides for the filing of a complaint with

---

3. Since the issue is not properly before me, I do reach the question of whether shop stewards are "officers" within the definition of 29 U.S.C.A. § 402(n).

the Secretary of Labor. See Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964). Cf. Forline v. Helpers Local No. 42, 211 F.Supp. 315 (E.D. Pa., 1962).

Paragraph 20 of the complaint alleges that on September 17, 1963, defendant Schultz permitted and encouraged certain union members to threaten plaintiff Broomer with physical violence because he presented two motions. The evidence shows, and I find as a fact, that an unnamed member did insult and at least attempted to assault Broomer on that date. However, the evidence utterly fails to show any connection between Schultz and the unidentified member. On the contrary, Schultz actually protected Broomer's rights. The unnamed union member was restrained and removed from the union hall and at the request of Schultz, Broomer continued with his discussion. I therefore find that Schultz did not permit or encourage anyone to threaten Broomer with physical violence, and that he had no part in an infringement, if there was one, of Broomer's freedom of speech.

Paragraph 21 of the complaint alleges a violation of Section 411 in that defendant Schultz refused to entertain a motion to "table" a motion that gave a power of attorney to negotiate nationwide and regional contracts on behalf of the Local in Philadelphia to the general president of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. The motion to table was made by Daniel Fletcher, who is not a named plaintiff. The rights given by Section 411 are individual rights granted to each individual union member which, when violated, are subject to individual enforcement under Section 412. See Mamula v. United Steelworkers of America, 304 F.2d 108, 113 (C.A.3, 1962). Broomer and Garrett have no standing as individuals to complain to this court of an encroachment of the freedom of expression of a fellow union member.

Nor can we accept plaintiffs' contention that redress for this alleged violation is properly the subject of a class action. Rule 23 of the Fed.R.Civ. P. requires the "right sought to be enforced for * * * the class * * * [be] (1) joint, or common, or secondary * * * or (3) several, and there is a common question of law or fact affecting the several rights * * *."

But Fletcher's, and not Broomer's or Garrett's Section 411 rights are put in issue by the action complained of in paragraph 21. No *common* right or question of law or fact exists for the simple reason that *no* right of either Broomer or Garrett has been violated. Fletcher's interests cannot be championed by one without those interests. Sympathy with another's plight will not provide that interest. I conclude that paragraph 21 provides no basis for a class · action. Fletcher not having been made a party, this court has no power to determine his rights. See 3 Moore, Federal Practice ¶ 23.04, 23.07 [1]–[2] (2d ed. 1964).

Plaintiffs further allege that at the meeting of November 17, 1963, defendant Schultz while chairman of the general membership meeting threatened plaintiff Garrett with disciplinary action unless Garrett withdrew his motion for election of shop stewards by secret ballot. The facts are that after some discussion concerning the method of counting the vote taken on the motion to elect shop stewards, defendant Schultz told Garrett that if Schultz had his way he would tear up Garrett's union book.

Schultz's conduct did not constitute a denial of the freedom of expression guaranteed by Section 411. In determining whether Garrett's freedom of expression was inhibited, this court must consider the setting in which the incident occurred, the statement made by the defendant, and the effect upon the complainant. Not every ungentlemanly remark made by a local union's president to a member is a denial of a Section 411 right.

Schultz prefaced his remark with "If I had may way," the clear implication of

which was that Schultz could not tear up Garrett's union book. There is no evidence that Garrett was intimidated by the statement, that the remark caused him to yield the floor, or that it has inhibited him in speaking at business meetings.

■ The complaint in paragraphs 25 and 26 avers that defendant Richard Camarote filed charges without legal basis designed to result in expulsion against Harry Blair, William Cooper and Walter Wolf knowing that they were candidates for offices held by defendants. These three men were expelled from the Union. The plaintiffs maintain that 29 U.S.C.A. § 411(a) (2) and § 411(a) (5) were violated and ask that Blair, Cooper and Wolf be reinstated.

The testimony of Walter Wolf called as a witness in connection with these allegations was objected to and the objection was sustained. The basis of the ruling was that rights of the named individuals expelled were involved and that a class action could not be brought on their behalf by the named plaintiffs who were not similarly situated. We adhere to our ruling made at the hearing.[4]

Paragraph 28 of the complaint alleges that defendant Schultz caused twelve unnamed individuals to be transferred from Wilmington to Philadelphia, charging each a transfer fee of fifty dollars without taking a vote of the twelve men affected. No testimony was offered in connection with this paragraph of the complaint, and it is therefore unsupported by the evidence. We therefore need not consider the fact that none of these twelve men is a party here.

Paragraph 30 of the complaint states that the defendants caused plaintiff Broomer to be disciplined and to forfeit pay in violation of 29 U.S.C.A. § 411(a)

(5).[5] Broomer asks this court to order defendants to pay him an amount equal to the money he forfeited.

■ I find that the defendants were not responsible for Broomer's suspension. While a situation might arise where a Union's failure to represent faithfully a member in grievance proceedings would constitute "discipline" under 29 U.S.C.A. § 411(a) (5), the facts in this case do not warrant such a finding. Broomer testified that after he had spoken out at a meeting, chaired by general president James Hoffa, he was "knocked off" work for eight days. There is nothing in the record that directly points to a connection between any of the defendants and Broomer's temporary suspension from work. Nor do I draw the inference that such connection exists. I find that Broomer's employer had suspended him because Broomer took a third week of vacation without permission.

The Union processed a grievance on Broomer's behalf and was successful in obtaining his reinstatement. A commitment to pay the back pay was not honored by the employer. There is no evidence indicating that any of the defendants had any part in the employer's refusal to give Broomer the back pay. Broomer took no further steps either to file a grievance or to request the Union to process his grievance further. There is no factual basis for the argument that because the Union did not properly represent Broomer he was in effect disciplined by the Union. The Local did not press the grievance further only because Broomer did not request it. There is no element of discipline or reprisal present.

■ Paragraph 32 of the complaint alleges that defendants failed to read or furnish copies of a contract of October

---

4. See discussion above in connection with paragraph 21 of the complaint.

5. "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues *by such organization* or by any officer thereof unless such member

has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." (Emphasis supplied). Labor-Management Reporting and Disclosure Act of 1959, § 101(a) (5), 29 U.S.C.A. § 411(a) (5).

17, 1963, between the Union and Hilco Homes Corporation to plaintiffs and refused to provide the class represented by plaintiffs the opportunity to debate and vote upon the provisions of the contract.

29 U.S.C.A. § 414 provides:

"§ 414. Right to copies of collective bargaining agreements

"It shall be the duty of the secretary or corresponding principal officer of each labor organization, in the case of a local labor organization, to forward a copy of each collective bargaining agreement made by such labor organization with any employer *to any employee who requests such a copy and whose rights as such employee are directly affected by such agreement * * *.*" (Emphasis supplied.)

The evidence shows that generally contracts were made available to union members upon request and signing a receipt. The evidence also shows that the plaintiff Broomer received a copy of a collective bargaining agreement. Neither Broomer nor Garrett are employed by Hilco Homes Corporation. There is no evidence that their "rights as such employee [of the employer Hilco Homes Corporation] are directly affected by such agreement" [collective bargaining agreement made between the Local and Hilco Homes Corporation]. The plaintiffs Broomer and Garrett are not entitled to the contract between the Union and Hilco Homes Corporation under 29 U.S.C.A. § 414 and therefore stand in a different factual and legal position from the employes of Hilco. As we have previously stated, plaintiffs Broomer and Garrett cannot bring a suit on behalf of a class based upon a cause of action in which the named plaintiffs have no rights.

█ In the last paragraph of the complaint plaintiffs allege that the defendants failed to comply with 29 U.S.C.A. § 415 in that they have not informed plaintiffs of the provisions of the Labor-Management Reporting and Disclosure Act of 1959, Public L. 86–257, Sept. 14, 1959, 73 Stat. 519. The relief the plaintiffs ask for under this paragraph is not that the Local inform the members of the provisions of the Act. Instead they request that the court order the Union to reimburse plaintiffs for costs incurred in bringing the action. Suffice it to say that the plaintiffs might have eliminated these costs had they simply requested the officers to inform the membership of the provisions of the Act. Plaintiffs have not shown that they have even sought to follow that accessible avenue of relief. There is no reason to conclude that the officers of the Local will not accede to a request that they comply with the law by apprising the members of the provisions of the Act.

### ORDER

And now, March 30, 1965, it is ordered that plaintiffs' requests for a preliminary injunction and other relief be and they hereby are denied.