Kenneth D. **HAJEK,** Plaintiff–
Appellant,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY,** a corporation; **Montana Rail Link, Inc.,** Defendants–Appellees.

No. 97–36152.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1999

Filed Aug. 5, 1999

Philip G. Arnold, Stephenson & Arnold, Seattle, Washington, for the plaintiff-appellant.

Jeff Hedger, Kroschel, Yerger & Hedger, Billings, Montana, for defendant-appellee Burlington Northern Railroad Company.

Darla J. Keck and Ronald B. MacDonald (briefed), Datsopoulos, MacDonald & Lind, Missoula, Montana, for defendant-appellee Montana Rail Link, Inc.

Before: ALARCON, RYMER, and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

We dismiss this appeal because the magistrate judge lacked authority to render a judgment, in the absence of express consent by all parties. A local rule provided that consent would be inferred from failure timely to object, but the rule was invalid.

## FACTS

Mr. Hajek worked for many years for the Burlington Northern Railroad Company, and then for several years for Montana Rail Link, Inc. Subsequent to his employment, he sued the two railroads for injuries to his back. The case was assigned by the United States District Court for the District of Montana to a United States Magistrate Judge. The Magistrate Judge granted summary judgment in favor of the railroads, on the ground that the statute of limitations barred the claims. Mr. Hajek appeals.

Immediately after the complaint was filed, the district court issued a notice that the case was assigned to the magistrate judge. The notice said that if there was a timely demand for reassignment, the chief judge would reassign the case, and quoted a local rule [1] that a party could demand an Article III judge. Under the local rule, failure to file a demand within 20 days would be deemed waiver of the right to an Article III judge and consent to jurisdiction by the magistrate judge. The 20 days came and went with no demand by Hajek. Immediately after the two railroads filed their answers, the district court issued an order saying that because no objection to the magistrate judge's jurisdiction had been timely filed, the parties were "deemed" to have consented.

Within the next two weeks, each party filed a "preliminary pretrial statement." Local rules required that among the items

that the preliminary pretrial statement must address is "propriety of special procedures including reference to a master or magistrate judge." [2] Mr. Hajek and Burlington Northern said they had no objection to the reference to the magistrate judge. Montana Rail Link said it "does not believe that any special procedures are required or are appropriate." Some months later the railroads moved for summary judgment based on the statute of limitations and the magistrate judge granted it. Though Mr. Hajek filed an opposition to the motion, he did not object to the jurisdiction of the magistrate judge.

On appeal, Mr. Hajek argues that the magistrate judge erred substantively on the statute of limitations issues, and also that no proper consent was given to exercise of jurisdiction by the magistrate judge. We are compelled to conclude that we lack appellate jurisdiction because there is no final judgment by the district court, on account of the magistrate judge's lack of authority to enter a judgment. We therefore do not reach the statute of limitations issues.

## ANALYSIS

The railroad companies argue that Hajek lacks standing to appeal based on the magistrate judge's lack of authority, because he consented to it, whether Montana Rail Link did or not. We must consider our jurisdiction *sua sponte*. [3] Absence of a final judgment vitiates our appellate jurisdiction. Because we would have to determine whether we have jurisdiction even if Hajek did not raise it, Hajek's standing to raise the question is immaterial to our duty to consider it.

Because Hajek did expressly consent to the magistrate judge's exercise of authority up until the magistrate judge ruled against him, there would be some

---

1. Local Rule 105–2, United States District Court for the District of Montana (hereinafter "Montana Local Rule ___").

2. Montana Local Rule 235–1(c)(6).

3. *Hawaii Newspaper Agency v. Bronster,* 103 F.3d 742, 746 (9th Cir.1996).

attractiveness to the notion of an estoppel, were that appropriate. But it is not. A party cannot estop itself into jurisdiction where none exists.[4] In this case, if we lack appellate jurisdiction because the magistrate judge lacked authority to render final judgment on behalf of the district court, then Hajek cannot create appellate jurisdiction by his own conduct.

The railroads argue that because a party can in appropriate circumstances waive his right to have an Article III judge conduct certain proceedings,[5] Hajek could waive his right to have an Article III judge. The argument cannot carry the conclusion the railroads need us to reach. Even though Hajek could waive his right to have an Article III judge in his case in district court, he cannot by waiver create appellate jurisdiction in this court. Lack of a final judgment in the district court precludes our appellate jurisdiction (in the absence of one of the statutory exceptions, inapplicable here).[6]

The railroads next argue that the consents in this case were adequate to confer authority upon the magistrate judge. The argument is that they consented both expressly, in the pretrial statements, and implicitly, by silence under a rule deeming silence to be waiver of the right to an Article III judge. Both arguments are mistaken.

The express consents were not unanimous. Hajek and Burlington Northern expressly stated that they had no objection to referring the case to the magistrate judge. But Montana Rail Link said "[a]t this time, the Defendant does not believe any special procedures are required or are appropriate." Does that mean that Montana Rail Link reserves the right to change its position at a later time? Does this answer to the question about the "propriety of special procedures including reference to a ... magistrate judge" mean "at this time Montana Rail Link does not believe reference to a magistrate judge is appropriate"? We have held that "a clear and unambiguous expression of consent is required."[7] If Montana Rail Link intended these words as consent, its expression was far from "clear and unambiguous." Consent has to be by "all" parties,[8] so absence of clear and unambiguous consent by Montana Rail Link vitiated the magistrate judge's authority.

Montana Rail Link attempts to cure this defect by expressly consenting in its appellate brief to the magistrate judge's exercise of authority. That attempt to confer appellate jurisdiction on this court suffers from the same defect as use of Hajek's waiver. In the absence of a final judgment, we lack appellate jurisdiction, and Montana Rail Link lacks the power to confer on us what Congress denied. Montana Rail Link cites two Seventh Circuit cases[9] for the proposition that a post-appeal consent validates the magistrate judge's authority, but they do not stand for that proposition. In both of those cases, all the parties had consented, albeit ambiguously or silently, and filed their subsequent express and unambiguous stipulations to the magistrate judge's jurisdiction in the district court. By contrast, in this case, express consent of all parties was not filed in the district court. Because they are distinguishable, we need not reach the question whether those Seventh Circuit cases are good law in the Ninth Circuit.

**4.** *See American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17, 71 S.Ct. 534, 95 L.Ed. 702 (1951).

**5.** *See Peretz v. United States,* 501 U.S. 923, 932–33, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991).

**6.** 28 U.S.C. §§ 1291–92; *Aldrich v. Bowen,* 130 F.3d 1364, 1365 (9th Cir.1997).

**7.** *Alaniz v. California Processors, Inc.,* 690 F.2d 717, 720 (9th Cir.1982).

**8.** Fed. R. Civ. P. 73(a).

**9.** *American Suzuki Motor Corp. v. Bill Kummer, Inc.,* 65 F.3d 1381, 1385 (7th Cir.1995); *King v. Ionization International Inc.,* 825 F.2d 1180, 1185 (7th Cir.1987).

■ The railroad companies also argue that failure to make timely objection to the magistrate judge's authority was deemed to be consent under the local rules. It was, but the rules are not valid. The local rules of the district court provided that any party to an action could demand an Article III judge within 20 days of assignment to a magistrate judge, but failure to serve a demand was waiver of the right to an Article III judge and consent to conduct all proceedings before the magistrate judge.[10] Montana buttressed the local rule with another requiring that shortly after a cause was at issue, all parties must file a preliminary pretrial statement addressing the "propriety of special procedures including reference to a master or a Magistrate Judge."[11] This was the rule that elicited the express consents of Hajek and Burlington Northern and the ambiguous statement of Montana Rail Link discussed above. In the case at bar, the district court then issued an order that "deemed" the parties to have consented to the magistrate judge because they did not timely object.[12]

These local rules were ineffectual to vest authority in the magistrate judge. We held in *Nasca v. Peoplesoft*[13] that consent to the authority of a magistrate judge "will not be inferred from the silence or conduct of the parties," even though a notice to the parties pursuant to a general order of the court provided that unless a party made a timely request for reassignment to an Article III judge, the parties would be "deemed to have consented" to the magistrate judge's exercise of authority.[14] In that case, as in this one, no one had objected in district court to the magistrate judge's exercise of authority. Although this case differs from *Nasca* in that here the silence was deemed to be consent pursuant to local rules, there pursuant to general orders, that is a distinction without a difference. We see no principled way to distinguish the cases.

The statutes and the Federal Rules of Civil Procedure provide a clear procedure, obviously carefully considered, for using magistrate judges effectively in civil proceedings but conforming to Article II, Section 2 and Article III, Section 1 of the Constitution relating to appointment and authority of federal judges. The statute provides that a magistrate judge may preside, in appropriate circumstances, "[u]pon consent of the parties."[15] Under the statute, "the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate.... The deci-

---

10. Any party to a civil action that has been assigned to a Magistrate Judge pursuant to subsection (c) of the present rule may demand that all pretrial matters excepted from the jurisdiction of the Magistrate Judge by 28 U.S.C. § 636(b)(1)(A) be heard and determined, and all trial proceedings conducted and judgment entered, by an Article III Judge, by serving upon the other parties a demand therefore in writing at anytime after the commencement of the action and not later than twenty (20) days from the date of notification of assignment to the Magistrate Judge is filed by the Clerk of Court. Such demand may be endorsed upon a pleading of the party. The failure of a party to serve a demand as required by this rule and to file it as required by Fed. R.Civ.P. 5(d) constitutes a waiver by the party to have any pretrial matter heard and determined, or trial proceedings conducted and judgment entered, by an Article III judge, and a consent by the party to have the Magistrate Judge hear and determine any pretrial matter and to conduct any or all trial proceedings and order the entry of judgment in the case.
Montana Local Rule 105–2(d).

11. Montana Local Rule 235–1(c)(6).

12. The order said:
No objection to the jurisdiction of the United States Magistrate Judge has been timely filed. Therefore, pursuant to Local Rule 105–2, the parties are deemed to have consented to have the Magistrate Judge hear and determine any pretrial matter and to conduct any or all trial proceedings and order the entry of judgment in this case.

13. *Nasca v. Peoplesoft*, 160 F.3d 578 (9th Cir. 1999).

14. *Id.* at 579.

15. 28 U.S.C. § 636(c)(1).

sion of the parties shall be communicated to the clerk of court." [16]

The related Federal Rule of Civil Procedure provides that if the parties elect to consent, "they shall execute and file a joint form of consent or separate forms of consent setting forth such election." [17] The advisory committee notes say that this provision "implements the blind consent provision" of the statute and that the rule "opts for a uniform approach in implementing the consent provision." [18] The Montana Local Rules must be "consistent with" [19] this statute and rule, and the Montana scheme is not, so the Montana Local Rules are ineffective to make silence consent. Forms 33 and 34 [20] are carefully drafted to accomplish proper execution and filing of consent to the magistrate judge. Though the forms are not binding, they "are sufficient ... and are intended to indicate the simplicity and brevity of statement which the rules contemplate." [21] The Montana Local Rules, notices and orders were not permissible means under the statute and rule for obtaining consent.

## CONCLUSION

Because the purported judgment of the district court is not a final judgment, the appeal is DISMISSED. No party shall recover costs in this court.

---

16. 28 U.S.C. § 636(c)(2).

17. Fed. R. Civ. P. 73(b).

18. Advisory Committee Notes to the 1983 Addition, Federal Rule of Civil Procedure 73.

19. Fed. R. Civ. P. 83(a)(1).

20. Appendix of Forms, Federal Rules of Civil Procedure, pursuant to Fed R. Civ. P. 84.

21. Fed. R. Civ P. 84.