**Joseph KOFOED, Plaintiff–Appellant,**

**v.**

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 48, Defendant–Appellee.**

No. 98–35030.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2000[1]

Filed Jan. 12, 2001

---

1. This panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Joseph Kofoed, Pro per, Portland, Oregon, plaintiff-appellant.

Paul C. Hays, Carney, Buckley & Hayes, and Jeffrey M. Batchelor, Jeffrey M. Batchelor, P.C., Portland, Oregon, for the defendant-appellee.

Before: CYNTHIA HOLCOMB HALL, RYMER, and GRABER, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Joseph Kofoed ("Kofoed") appeals from an order of the magistrate judge granting summary judgment in favor of International Brotherhood of Electrical Workers ("IBEW"), Local 48 ("Local 48"), on Kofoed's claims under the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 411 and 415. The magistrate judge had jurisdiction to enter final judgment in the case because the parties orally consented to the magistrate judge's authority while before the magistrate judge and subsequently filed written consent forms. We conclude that Local 48 did not violate the LMRDA and therefore affirm.

## I. FACTUAL BACKGROUND

Appellant Kofoed is a member of IBEW, Local 48. Local 48 is a party to a collective bargaining agreement ("CBA") with the National Electrical Contractors Association ("NECA"). In early 1994, Kofoed and other Local 48 members received not-for-rehire letters from two NECA employers, Christenson Electric, Inc., and Friberg Electric Company. The letters stated that the employees were not eligible for rehire by the employers.

On August 11, 1994, Kofoed carried a sign outside a job site where both Christenson Electric and Friberg Electric were working. Kofoed's sign said "Good Morning" on one side and "Be Safe" on the other. On that same day, fellow union member Brad Twigger carried a sign with the message, "Blacklisted for no reason." Both signs were painted black with white letters. Twigger had carried his sign in front of the job site on several days before Kofoed joined him with his "Be Safe" sign. Kofoed claims that he carried his sign because he was concerned with safety at the job site, particularly the safety of workers who were forced to cross a very busy street. Twigger testified that he car-

ried his sign to get a response from Local 48 business manager Ed Barnes concerning the not-for-rehire letters.

On August 25, 1994, Local 48 brought disciplinary charges against Kofoed based on his "unauthorized picketing." Local 48 charged Kofoed with violating provisions of NECA's CBA, Local 48's bylaws, and IBEW's constitution. The CBA provisions included the CBA's statement that all parties would benefit from "continuous peace" and adjustment of differences by "rational common sense methods," and an agreement that all disputes would be handled in accordance with the CBA. The CBA provided a grievance procedure for union members. The bylaw provisions stated that Local 48 would establish principles and practices of conciliation and arbitration in settling differences with employers. The IBEW constitution prohibited members from engaging in acts that were contrary to their responsibility to IBEW or that interfered with Local 48's legal or contractual obligations.

A hearing on the charges began on October 6, 1994, but Kofoed left the hearing. The next day, Local 48 notified Kofoed that it had withdrawn its charges with the stipulation that it could refile them later with additional evidence. On August 16, 1995, upon Kofoed's inquiry, Local 48 informed Kofoed that it would not pursue the matter.

Kofoed filed the instant suit against Local 48 on October 7, 1996, claiming that Local 48 had violated provisions of the LMRDA, 29 U.S.C. §§ 411 and 415. The case was assigned to Magistrate Judge John Jelderks, who was already hearing a related case. The parties orally consented to the magistrate judge's jurisdiction to hear their case and enter judgment, but their consent was not reduced to writing and filed with the court at that time. On December 1, 1997, the magistrate judge granted summary judgment for Local 48 as to all Kofoed's claims. The magistrate judge entered judgment on December 22, 1997, dismissing the case with prejudice.

Kofoed timely filed his notice of appeal on January 6, 1998.

On January 13, 2000, Local 48 filed a motion with the district court seeking an order correcting the record. Local 48 had discovered that the parties had neglected to file written consent forms consenting to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c). On February 28, 2000, Kofoed and Local 48 filed with the district court written stipulations to the magistrate judge's jurisdiction. On March 6, 2000, the magistrate judge entered an order correcting the record to reflect that counsel for all parties had previously consented to the jurisdiction of a magistrate judge, and that their consent was confirmed by the recently filed written consent forms.

## II. JURISDICTION

Before reaching the merits of this case, we must first determine whether we have jurisdiction over Kofoed's appeal. *See Hajek v. Burlington N. R.R. Co.*, 186 F.3d 1105, 1107 (9th Cir.1999). Absent one of the statutory exceptions, which are inapplicable here, "[l]ack of a final judgment in the district court precludes our appellate jurisdiction." *Id.* at 1108; *see also* 28 U.S.C. §§ 1291, 1292. Our jurisdiction depends upon whether the magistrate judge had authority to render final judgment on behalf of the district court. *See* 28 U.S.C. § 636(c)(3); *see also Hajek*, 186 F.3d at 1107–08; *Nasca v. Peoplesoft*, 160 F.3d 578, 579 (9th Cir.1998).

Title 28 U.S.C. § 636(c) confers jurisdiction on a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" when (1) the magistrate judge has been "specially designated to exercise such jurisdiction by the district court," and (2) the parties consent to the magistrate judge's authority. *See also Alaniz v. California Processors, Inc.*, 690 F.2d 717, 720 (9th Cir.1982). Magistrate Judge Jelderks was designated by the district court to hear Kofoed's case. We must determine

whether the parties provided effective consent.

 While § 636(c) does not specify the precise form or timing of the parties' consent, we require that the record reflect the parties' "clear and unambiguous expression of consent" in order to protect the voluntariness of consent. *Alaniz*, 690 F.2d at 720; *see also King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir.1987) (noting that § 636(c) is silent as to the form of consent). Rule 73(b) of the Federal Rules of Civil Procedure requires that the parties execute and file a written consent form, also to protect the voluntariness of the parties' consent. *See* Fed.R.Civ.P. 73(b) advisory committee note. We also will not infer consent from the conduct of the parties, even where a local rule or general order provides for such inference. *See Hajek*, 186 F.3d at 1109 (local rule); *Nasca*, 160 F.3d at 579 (general order). Where the magistrate judge has not received the full consent of the parties, he has no authority to enter judgment in the case, and any purported judgment is a nullity. *See Hajek*, 186 F.3d at 1108; *Aldrich v. Bowen*, 130 F.3d 1364, 1365 (9th Cir.1997).

 In the instant case, the parties did not file their written consent forms with the district court until after the magistrate judge entered judgment and the case was on appeal. However, the record reflects that the parties gave express oral consent to the magistrate judge's jurisdiction while they were before the magistrate judge and before he made a dispositive ruling.[2] Thus, the magistrate judge was acting with the parties' consent when he entered judgment in the case. The magistrate judge therefore had authority to enter final judgment, and we have jurisdiction over Kofoed's appeal pursuant to 28 U.S.C. § 1291.

## III. STANDARDS OF REVIEW

 We review a grant of summary judgment de novo. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 629 (9th Cir.1987). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *See id.* at 630–31.

 The decision to require a party to exhaust intra-union remedies under 29 U.S.C. § 411(a)(4) before filing suit is reviewed for an abuse of discretion. *See Stelling v. IBEW, Local Union No. 1547*, 587 F.2d 1379, 1391 (9th Cir.1978).

## IV. LMRDA § 411 CLAIM

Kofoed argues that the magistrate judge erred in granting summary judgment for Local 48 on Kofoed's claim that Local 48 violated 29 U.S.C. § 411(a)(2). Kofoed contends that Local 48 violated his statutory free speech rights secured under § 411(a)(2) when it brought disciplinary charges against him after he carried his "Be Safe" sign at a union job site. The magistrate judge did not err.

Section 411(a)(2) provides:

Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings....

29 U.S.C. § 411(a)(2). Union members' free speech rights are subject to the un-

---

**2.** The magistrate judge's order correcting the record confirms this fact. The communications between counsel for the parties as well as the Hays affidavit clearly indicate that counsel gave express consent to the magis-

trate judge's jurisdiction but simply failed to complete and file Rule 73 written consent forms at the time; any remaining intention on the part of counsel was merely the intention to file written consent forms.

ion's right "to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations." *Id.*

▮ Section 411(a)(2) was adopted to "promote union democracy" by ensuring that "union members are free to discuss union policies and criticize the leadership without fear of reprisal." *United Steelworkers of Am. v. Sadlowski,* 457 U.S. 102, 112, 102 S.Ct. 2339, 72 L.Ed.2d 707 (1982). Section 411(a)(2) does not provide rights identical in scope to those provided by the First Amendment, however. *See id.* at 111, 102 S.Ct. 2339. Unions may adopt and enforce rules that interfere with the interests protected by § 411(a)(2) so long as the rules are reasonable. *Id.* Under *Sadlowski,* a court must "first consider whether the [union's] rule interferes with an interest protected by the first part of [§ 411(a)(2) ]." *Id.* The court then determines whether the rule is reasonable. "The critical question is whether a rule that partially interferes with a protected interest is nevertheless reasonably related to the protection of the organization as an institution." *Id.* at 111–12, 102 S.Ct. 2339.

▮ Assuming that Local 48's charges against Kofoed implicate the interests relating to the promotion of union democracy that § 411(a)(2) was intended to protect, the undisputed facts show that Local 48 could properly bring charges against Kofoed because the charges in this case fall within the proviso to § 411(a)(2), preserving the union's right to adopt and enforce reasonable rules. *See* 29 U.S.C. § 411(a)(2). The CBA between Local 48 and the NECA employers at the job site where Kofoed carried his sign provides that "[t]here shall be no stoppage of work either by strike or lockout because of . . . dispute over matters relating to this Agreement. All such matters must be handled as stated herein." The CBA then provides a grievance procedure for union

members to follow. Rather than follow the CBA's procedures to air his complaints regarding safety at the job site, Kofoed circumvented the express provisions of the CBA and carried a sign in front of the job site. Kofoed's "picketing" [3] also had the potential to disrupt work at the job site in violation of the CBA, whether or not it actually did so, because his sign was designed to attract the attention of workers at the site. Because Kofoed thus engaged in conduct that would interfere with Local 48's contractual obligations and violated Kofoed's responsibilities toward the union, the LMRDA does not prohibit Local 48 from bringing disciplinary charges against him.

Furthermore, Kofoed has presented no evidence that Local 48 brought charges against him as part of a scheme to suppress dissent within the union, in retaliation for any union-related speech, or for any other improper purpose such that otherwise lawful charges might violate the LMRDA. *Compare Ruocchio v. United Transp. Union, Local 60,* 181 F.3d 376, 383 (3d Cir.1999) (allowing a LMRDA claim to proceed where charges were filed against the plaintiff in retaliation for his support of alternative candidates in union elections, even though the charges were later dropped), *cert. denied,* —— U.S. ——, 120 S.Ct. 1158, 145 L.Ed.2d 1070 (2000); *Murray v. Laborers Union Local No. 324,* 55 F.3d 1445, 1452 (9th Cir.1995) (finding union member's § 411(a)(2) free speech rights infringed by union actions that were part of a scheme to suppress dissent within the union); *Bise v. IBEW, AFL–CIO Local 1969,* 618 F.2d 1299, 1304 (9th Cir. 1979) (finding a LMRDA violation where the union's motive for imposing discipline was to retaliate against the plaintiff for crossing union picket lines); *Keeffe Bros. v. Teamsters Local Union No. 592,* 562 F.2d 298, 301 (4th Cir.1977) (finding a LMRDA violation where the union refused the plaintiff readmission to the union "to

---

**3.** Kofoed asks the court for "clarification of the word *picketing.*" We find it unnecessary

to define "picketing" in order to decide this appeal.

penalize plaintiff for his exercise of the right to speak and take part in union meetings as well as to exercise his right of free speech about union affairs in public"). It also is clear that Local 48 did not violate 29 U.S.C. § 529 by disciplining Kofoed for exercising his § 411 rights because Local 48 dismissed the charges against him. *See Childs v. Local 18, IBEW,* 719 F.2d 1379, 1384 (9th Cir.1983).

Finally, Kofoed presented no evidence that Local 48 was involved in any alleged blacklisting. Kofoed's only evidence of blacklisting is the issuance to Kofoed of not-for-rehire letters by two employers. There is no evidence that Local 48 was involved in the issuance of the letters. Viewing the evidence in the light most favorable to Kofoed, we conclude that Local 48 was entitled to summary judgment on Kofoed's § 411 claim.

## V. LMRDA § 415 CLAIM

■ Kofoed also claims that Local 48 violated 29 U.S.C. § 415 by failing to inform Kofoed of his rights under the LMRDA. Section 415 provides: "Every labor organization shall inform its members concerning the provisions of this chapter." 29 U.S.C. § 415. In *Stelling,* this court concluded that the district court was within its discretion to refuse to entertain an action under § 415 where the plaintiff failed to exhaust his intra-union remedies pursuant to 29 U.S.C. § 411(a)(4) or even raise the issue with the union. *See Stelling,* 587 F.2d at 1390–91. In the instant case, there is no evidence that Kofoed ever raised the issue with the union, and there is " 'no reason to conclude that the officers of the Local will not accede to a request that they comply with the law.' " *Id.* at 1391 (quoting *Broomer v. Schultz,* 239 F.Supp. 699, 705 (E.D.Pa.1965), *aff'd* 356 F.2d 984 (3d Cir.1966)). The magistrate judge did not abuse his discretion in requiring Kofoed to exhaust his intra-union remedies, and did not err in granting summary judgment for Local 48 on Kofoed's § 415 claim.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.

RYMER, Circuit Judge, dissenting:

Because I can find no record of oral consent by the parties to the magistrate judge's authority to proceed under 28 U.S.C. § 636(c), but only consent forms filed in the district court February 28, 2000—nearly three years after the "final" judgment was entered on December 19, 1997 and two years after the notice of appeal was filed (January 5, 1998)—I would vacate the judgment, dismiss the appeal, and remand to the district court.

Local 48 first sought leave to correct a clerical error in the record by filing a motion pursuant to Fed.R.Civ.P. 60(b) in this court. The motion represented that the parties consented to proceed before the magistrate judge, but through oversight, the written consent was not filed with the court. We construed the motion as a notice of intent to file a motion in the district court, and stayed the appeal. Local 48 then filed its motion in district court, along with the affidavits of its own counsel, Paul C. Hays, and a letter from Kofoed's trial counsel, David J. Hollander. Hays's affidavit avers that Hollander and he had agreed to proceed before Judge Jelderks, but that they did not reduce the agreement to writing or file a consent with the court. When Hays realized the oversight after receiving Kofoed's opening brief on appeal, he talked with Hollander. Hays followed up the conversation with a letter dated November 4, 1999 in order to clarify Kofoed's position. In the letter, Hays recited that he and Hollander had "shared recollections" of a conference with Magistrate Judge Jelderks in the fall of 1996 during which it was "understood" that he would take control of the Kofoed case and that "we were in agreement that he should do so." Hays indicates that he (Hays) had a recollection of Judge Jelderks specifically inquiring as to whether anyone had any objection to consenting to him and his and Hollander's agreement with the proposal.

The letter also recounts Hollander's belief that he had not signed a consent form on behalf of Kofoed, or filed one, because the issue was lost in the shuffle. Hollander responded to Hays's letter by indicating no disagreement with Hays's recollection and stating that "[i]t was always my intent to consent to Judge Jelderks as the Presiding Judge." Kofoed and Local 48 then executed consent forms. On March 6, 2000 the district court granted Local 48's motion, noting that counsel for both parties had previously consented to the jurisdiction of a Magistrate Judge and that this consent had been confirmed with written consents.

Assuming that oral consent suffices, none was given here on the record. *Cf. General Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1495 (11th Cir.1997) (oral consent acceptable, where proceeding was on the record). Counsel's affidavit stops short of saying that any consent was given in court or to the court. Nor do the Rule 60(a) papers stipulate that consent had previously been given; at most they reflect counsels' *intention* to do so.[1]

I believe that we should require that for consent to be effective, it must be clearly and unambiguously expressed *before* the magistrate judge conducts any proceedings pursuant to 28 U.S.C. § 636(c). As the statute provides, it is only "upon the consent of the parties" that a magistrate judge may conduct proceedings and order the entry of judgment. Likewise, as Rule 73 provides, it is only "when all parties consent thereto" that a magistrate judge may exercise the authority provided by § 636(c) and may conduct all proceedings in a civil case. Prior consent is plainly contemplated.

Absent clear and unequivocal communication of consent before dispositive rulings

are made that a magistrate judge otherwise could not make, the parties are free to roll the dice on the outcome. This is costly to the system, for some or all of the proceedings will have to be redone if consent has not been properly manifested. By contrast, filling out and filing consent forms at the outset is not onerous. Therefore, I would adopt a clear and clean rule that consent to the exercise of jurisdiction by a magistrate judge must be given prior to the magistrate judge's exercising civil trial jurisdiction, and that it must be communicated either orally on the record or, preferably, in written forms provided for the purpose.

In any event, I would dismiss this appeal because the only definitive consents (the written forms executed by Kofoed himself and Local 48's counsel) came long after judgment.

---

1. I have a further misgiving about the use of Rule 60(a) in this case. Even if in some circumstances a motion to correct the record might be a sufficient vehicle for redressing an incorrect record, I do not see how Rule 60(a) does the trick here. It allows for correction of "clerical mistakes in judgments, orders or other parts of the record and errors therein

arising from oversight or omission." Here, no clerical mistake or error in the record appears—the record quite accurately reflects the absence of consent to the magistrate judge's jurisdiction. The only "oversight" was a failure by counsel, not the court, to fill out and file the appropriate forms.