Brad TWIGGER; Joseph G. Debien, Plaintiffs,

and

Joseph S. Jacobs, Plaintiff—Appellant,

v.

LOCAL 48 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; International Brotherhood of Electrical Workers, Defendants—Appellees.

Brad Twigger, Plaintiff—Appellant,

and

Joseph G. Debien; Joseph S. Jacobs, Plaintiffs,

v.

Local 48 International Brotherhood of Electrical Workers; International Brotherhood of Electrical Workers, Defendants—Appellees.

No. 00–35727.
D.C. No. CV–96–01151–JJ.
D.C. No. CV–96–01151–JE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided May 3, 2002.

Before FLETCHER, O'SCANNLAIN and BERZON, Circuit Judges.

MEMORANDUM *

Joseph Jacobs and Brad Twigger appeal the district court's entry of summary judg-ment in favor of the International Brother-hood of Electrical Workers, Local 48. They both claim that Local 48 violated the Labor Management Reporting and Disclo-sure Act (LMRDA), 29 U.S.C. § 411, by unlawfully disciplining them for unautho-rized picketing of a work site; Jacobs also appeals the entry of summary judgment on Local 48's counterclaim for payment of a disciplinary fine imposed by the union. We affirm the entry of summary judgment on the LMRDA claim, but remand the counterclaim to the district court. Be-cause the facts are familiar to the parties, we recount them only as necessary to ex-plain our decision.

A. Section 411 Claim

■ Our decision in *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48,* 237 F.3d 1001 (9th Cir.2001), is largely dispositive of this separate but related case. In addressing the similar § 411(a)(2) claim in that case, the *Kofoed* court asked the following three questions:

> (1) Did the speech implicate § 411's in-terest in the promotion of union democ-racy?
>
> (2) Did the union's action reasonably re-late to the protection of the organization as an institution?
>
> (3) Did the union act for an improper purpose, such as in retaliation for speech encompassed by question 1?

*Id.* at 1005–06.

We will assume, as did the court in *Kofoed,* that the speech at issue implicates the interest in the promotion of union de-mocracy. As to question two, the *Kofoed* court explained that the picketing "circum-vented the express provisions" of the Col-lective Bargaining Agreement and "had the potential to disrupt work at the job

* This disposition is not appropriate for publica-tion and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

site." *Id.* at 1005. The speech therefore constituted "conduct that would interfere with Local 48's contractual obligations and violated Kofoed's responsibilities toward the union." *Id.* Consequently, the discipline imposed by Local 48 " 'reasonably related to the protection of the organization as an institution.' " *Id.* (quoting *United Steelworkers of Am. v. Sadlowski,* 457 U.S. 102, 111–12, 102 S.Ct. 2339, 72 L.Ed.2d 707 (1982)). The reasoning of *Kofoed* applies with equal force here.

The only remaining issue in the § 411 claim is *Kofoed* question three, whether Local 48 imposed the discipline in retaliation for protected speech. We will not examine this issue on the merits, however, because Jacobs and Twigger did not preserve it in the district court.

When the district court asked the parties to explain the relationship between this case and yet another separate but related case, *see Jacobs v. Local Union 48, Int'l Bhd. of Elec. Workers,* No. 98–35246 (9th Cir. Jan.9, 2001) (mem dispo) (*Jacobs I* ), that alleged unlawful retaliation on the basis of the same factual occurrences at issue here, counsel for Jacobs and Twigger explained:

> [This case] is a much narrower thing. It doesn't have anything to do, necessarily, with the political beliefs of the plaintiffs ... but rather involves a very discrete incident where they were exercising their right of free speech.
>
> . . .
>
> I don't see how anything in the [*Jacobs I* ] case could necessarily affect the outcome in [this] case.... I mean, we're

talking about a very discrete incident ... on the part of the union.

11/10/97 Tr. at 16–17. Jacobs and Twigger cannot now switch gears and base their § 411 claim on exactly the same factual occurrences and legal arguments made in *Jacobs I,* when they previously disclaimed that "anything in the [*Jacobs I* ] case could necessarily affect the outcome in [this] case."

Furthermore, Jacobs and Twigger's failure sufficiently and timely to develop in the district court the retaliation issue—even without the affirmative waiver—confirms our conclusion that they have not preserved the issue for appeal. *See Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1321 (9th Cir.1998) ("We apply a 'general rule' against entertaining arguments on appeal that were not presented or *developed* before the district court.") (emphasis added). Before the district court entered summary judgment on the § 411 claim, Jacobs and Twigger never argued that Local 48's actions violated § 411(a)(2) *because such actions were taken in retaliation* for oppositional speech by either Jacobs or Twigger.[1] Because their counsel did not develop the retaliation issue and, instead, specifically advised the district court that the issues in this case and the separate retaliation case did not overlap, the district court did not decide the retaliation issue argued here by Jacobs and Twigger. Likewise, Local 48 had no reason below to tailor its legal strategy—including submitting all pertinent facts—to meet the retaliation argument now made to this court. *See United States v. Gabriel,* 625 F.2d 830, 832 (9th Cir.1980).

---

1. Although they did at one point in their memorandum opposing Local 48's motion for summary judgment state that "Local 48's actions were politically motivated, as Plaintiffs were politically active members who advocated positions in conflict with those of the incumbent Union leadership," they shortly thereafter informed the district court in oral argument on the summary judgment motion that this case did not have "anything to do, necessarily, with the political beliefs of the plaintiffs."

In sum, we will not consider on appeal the retaliation theory that Jacobs and Twigger disclaimed before the district court.[2] Instead, reviewing the speech theory that the district court did decide, we affirm on the basis of *Kofoed* the entry of summary judgment in favor of Local 48 on the § 411 claim.

**B. Counterclaim**

 Although Jacobs did not raise the retaliation issue in the claim discussed above, inconsistent judgments might nonetheless arise between this case and *Jacobs I* if we affirmed the summary judgment entered on the counterclaim brought by Local 48 to enforce the fine it imposed upon Jacobs. We therefore remand the counterclaim to the district court, in order to allow the court to ensure consistency between the judgments in this case and *Jacobs I* as to whether the fine was indeed proper and, if so, in what amount.

**C. Conclusion**

The district court's entry of summary judgment in favor of Local 48 on the § 411 claim AFFIRMED, and the counterclaim is REMANDED for entry of judgment consistent with *Jacobs I*.

---

**2.** Because the retaliation issue is not properly in this case, there is no risk of inconsistent judgments resulting from this claim and *Jacobs I*.