**FOGAVA`A FONOTI a.k.a. ENOKA, Appellant,**

**v.**

**AMERICAN SAMOA GOVERNNENT, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 08-01

November 26, 2002

Before RICHMOND Associate Justice; WALLACE,[*] Acting Associate

---

[*] The Honorable J. Clifford Wallace, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit sitting by designation of the Secretary of the Interior.

Justice; MOLLWAY,[**] Acting Associate Justice; SAGAPOLUTELE, Associate Judge; MAMEA, Associate Judge.

Counsel: Bentley C. Adams, III, Esq., for Appellant Fogava`a
Fiti A. Sunia, Esq., for Appellee American Samoa Government

Fonoti appeals from his conviction for possession of a controlled substance under A.S.C.A. § 13.1022, asserting reversal is required due to the trial court's denial of his requested "blind mule" jury instruction, the courts failure to sentence him to probation *instead* of six years in prison, and the insufficiency of the evidence against him. The trial court had jurisdiction pursuant to A.SC.A § 3.0208(a)(2) and we have jurisdiction over this timely appeal under A.S.C.A. § 3.0208(c). We affirm.

In August 2000, Fonoti was stopped by a customs officer as he disembarked a ferry running between Apia, Samoa and Pago Pago, American Samoa. During a search of a locked compartment of a waist pouch Ponoti was wearing, Territorial Customs Officer Pau`ulu Lagai discovered a small amount of marijuana, Fonoti's expired passport, rubber bands, and his boarding pass for the trip. Despite a "stop order" issued against him to prevent him from leaving American Samoa, Fonoti obtained a travel permit and left the territory. He later returned to American Samoa in October of 2000 for a dentist visit, and was arrested and charged with possession of a controlled substance.

At his trial, Fonoti testified that while he was waiting to board the vessel in Apia, an individual named "Sefo" approached him and gave him the pouch with the marijuana locked out of sight. Fonoti said that Sefo asked him to take the pouch to a person named "Lotu" who would be waiting for it. He stated that Sefo also gave him a beige hat to wear, so that Lotu would recognize him. He emphasized that he had no knowledge of the marijuana, and did not even know where the key to the pouch was. Fonoti testified that he did not even see the contents until a customs agent stopped him before Officer Lagai's search, found the key, opened the pouch and put Fonoti's passport into the pouch. Because the marijuana was in an opaque bag, he did not suspect what it was. He testified that he had carried the pouch because he had a "good heart" and did not know of the bag of marijuana until Officer Lagai's search. As the pouch was opened, he told Officer Lagai the contents were not his.

Officer Lagai testified that to his knowledge he was the only agent who stopped Fonoti that day and that he discovered the marijuana with the

---

[**] The Honorable Susan Oki Mollway, District Judge, United States District Court of the District of Hawaii, sitting by designation of the Secretary of the Interior.

other items. He stated that no other customs agents were in the area that could have performed the acts of the customs officer that Fonoti described.

Fonoti submitted requested jury instructions, the first of which read: "A 'blind mule' is a person used by criminals to carry contraband across a border, who does not know that he is carrying the contraband." Fonoti based this instruction on a definition statement in *United States v. Artero*, 121 F.3d 1255, 1259 (9th Cir. 1997). The trial judge ruled at the jury instruction conference that he would not give this instruction, but would instruct the jury that the prosecution bears the heavy burden of proving beyond a reasonable doubt every element in its case, including that the defendant "knowingly" transported the marijuana.

## II.

Fonoti first complains that it was error for the trial judge to refuse to give his "blind mule" instruction. Whether the trial court's instructions adequately presented Fonoti's theory of the case is a question of law reviewed *de novo*, *United States v. Pierre*, 254 F.3d 872, 875 (9th Cir. 2001), and a trial court's formulation of jury instructions is reviewed for an abuse of discretion. *United States v. Vallejo*, 237 F.3d 1005, 1024 (9th Cir. 2001). "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000). "As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Matthews v. United States*, 485 U.S. 58, 63 (1988). However, as long as the jury is adequately instructed on a defendant's theory of defense, that "defendant is not entitled to any particular form of an instruction." *United States v. Faust*, 850 F.2d 575, 583 (9th Cir. 1988).

Fonoti presented no testimony explaining the "blind mule" concept to the jury. Moreover, the jury had ample instructions on Fonoti's theory that his transportation of the marijuana was unknowing. The jury was instructed as to the government's burden of proving each element beyond a reasonable doubt and as to the concept of acting "knowingly." Both instructions alerted jurors that they had to find, beyond a reasonable doubt, that Fonoti knowingly brought the marijuana to American Samoa. The trial court did not abuse its discretion in refusing to add the "blind mule" instruction to its instructions on the prosecution's burden and the concept of "knowingly" committing an act.

III.

Fonoti also asserts error in the trial court's interpretation of A.S.C.A. § 13.1022 as not permitting a sentence of probation as a sentencing option. He argues that because the statute expressly prohibits parole, it must be interpreted to permit probation.

Section 13.1022 states that possession of a controlled substance is unlawful, and that "(b) A person who violates the section is guilty of a felony shall be punished as follows; (1) for a first offense, a fine not less than $5,000 and not more than $20,000 or not less than 5 years and not more than 10 years in prison, or both . . . . There shall be no parole for a conviction under this section . . . . (c) The above penalties are mandatory." We have already rejected the argument that probation is an option under section 13.1022. *Faifaiese v. Am. Samoa Gov't*, 6 A.S.R.3d 10, 14-17 (App. Div. 2002); *Isaia v. Am. Samoa Gov't*, 6 A.S.R.3d 3, 5-8 (App. Div. 2002).

IV.

Finally, Fonoti argues that the government did not prove his guilt beyond a reasonable doubt because the government showed neither that Fonoti knew the contraband was present nor that Fonoti knew the identity of the contraband. This is so, he argues, because he testified that another customs agent had searched him before Officer Lagai and had placed his passport in the locked pouch, which could lead to an inference that Fonoti never opened the pouch and that the presence of his passport next to the marijuana was the result of the first officer's conduct. Thus, he contends, the Lagai search result could not lead to an inference that he knowingly carried the marijuana.

There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential, elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Fonoti's argument essentially is that the jury should have believed his testimony instead of the testimony of Officer Lagai. But our test is whether "any rational trier of fact" *could have* believed the elements of the crime were proven beyond a reasonable doubt. The jury chose to believe Officer Lagai rather than Fonoti, and infer that Fonoti knew he was carrying marijuana in the same locked pouch as his passport. "An appellate court must respect the exclusive province of the jury to determine the credibility of witnesses . . . by assuming that the jury resolved all such matters in a manner which supports the verdict." *United States v. Nguyen*, 284 F.3d 1086, 1090 (9th Cir. 2002) (quoting *United States v. Gillock*, 886 F.2d 220, 222 (9th Cir. 1989)). Fonoti has

offered no persuasive reason why we should hold that the jury's finding was irrational. He testified, and the jury considered his testimony and presumably rejected it. A rational jury could and did find that all the elements of the possession charge were proved beyond a reasonable doubt.

AFFIRMED.

It is so ordered.