**Lasonia MANSFIELD, Plaintiff—Appellant,**

v.

**SAN FRANCISCO CITY AND COUNTY, Defendant—Appellee.**

No. 02–15431.

D.C. No. CV–00–04101–MEJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2003.

Decided May 5, 2003.

Before B. FLETCHER, KOZINSKI, and TROTT, Circuit Judges.

### MEMORANDUM *

Appellant LaSonia Mansfield challenges the district court's grant of summary judgment in favor of appellee City and County of San Francisco on her claims that she was terminated because of her race and in

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

retaliation for complaints of continuing discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* Because we find her arguments lack merit, we affirm the district court.[1]

Mansfield contends that she was the victim of a pattern and practice of discrimination and retaliatory treatment based on incidents that occurred when she began work at a city jail in November, 1994, and that the pattern continued up to and caused her termination. She argues that the district court erred in striking certain evidence that was found not to support a claim of discrimination or retaliation in earlier state-court proceedings against the same defendant. We review de novo. *See In re Harmon,* 250 F.3d 1240, 1245 (9th Cir.2001). The precise issue that was before the state courts was whether Mansfield suffered discrimination and retaliation, not whether her termination was illegal. However, we agree with the district court that Mansfield may not litigate her termination claim in federal court by relying on the same evidence that was presented in state court and was found insufficient to establish the employer's alleged discriminatory intent.

The district court did not err in denying Mansfield's motion to strike. The differences between Mansfield's proposed statement of facts and that of the City were not material. *See generally Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

We review de novo the district court's finding that Mansfield failed to establish a prima facie case of discrimination or retaliation under Title VII. As to her claim of retaliation, we agree that Mansfield failed to present evidence that she engaged in a protected activity from May 9, 1997, through August 30, 1999. As to her claim of discriminatory termination, Mansfield has failed to raise any inference of discrimination.

Finally, we exercise our discretion and deny the City's motion for damages and costs pursuant to Fed. R.App. P. 38.

The judgment of the district court is AFFIRMED.

---

1. We also hold that although Mansfield and the city failed to file the proper forms consenting to the adjudication of this matter by a United States Magistrate Judge, the intent to consent was plain and unequivocal, and, accordingly, we have appellate jurisdiction. *See Hajek v. Burlington N. R.R.,* 186 F.3d 1105, 1107–10 (9th Cir.1999).