ALD-018                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2682
_____

DANTE BURTON,
Appellant

v.

WILLIAM SCHAMP, RHU Lieutenant; OSMILT JUAREZ, Sergeant; SHON GILL,
Corr. Officer; D. JOHNSON, Corr. Officer, RHU; ALBAN, Corr. Officer, RHU;
ROBERT GILMORE, Superintendent; KERI MOORE, Acting Grievance Officer
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-17-cv-00895)
Magistrate Judge:  Honorable Keith A. Pesto
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 19, 2017
Before:  MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  December 19, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Dante Burton, a Pennsylvania state prisoner, appeals from the order of the United States District Court for the Western District of Pennsylvania denying his motion to proceed in forma pauperis ("IFP"). For the reasons that follow, we will summarily vacate the District Court's order and remand for further proceedings.

I.

In 2017, Burton filed a motion to proceed IFP, along with a civil rights complaint against seven employees of the Pennsylvania Department of Corrections. Burton alleges that the defendants retaliated against him after he filed an October 2016 grievance relating to his use of the law library by reducing his access to that law library, refusing to process his appeal of the grievance, and filing a false misconduct against him which he succeeded in overturning on administrative review.

The complaint and motion to proceed IFP were received by the District Court on July 5, 2017. On July 10, 2017, the District Court received Burton's prisoner trust fund account statement. That same day, the District Court sua sponte entered an extensive order which deemed Burton's complaint meritless because he plainly did not adequately state a retaliation claim.[1] Nevertheless, the order, which otherwise made no mention of Burton's IFP motion, merely denied the motion to proceed IFP "because it does not

---

[1] A prisoner bringing a § 1983 retaliation claim must allege that: (1) he took some action itself protected by the constitution; (2) the defendant took adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the plaintiff's protected conduct and the adverse action. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir.2003). The District Court concluded that Burton did not adequately plead the second and third elements.

comply with the Prison Litigation Reform Act" and directed the clerk to "mark this matter closed." Even though the court's order did not expressly do so, the docket entry describes it as "dismissing" the case as well as denying the motion to proceed IFP.

On August 7, 2017, Burton filed a notice of appeal. That same day the District Court entered an order directing "the inmate account officer at any institution where plaintiff may be incarcerated" to deduct funds from Burton's prison account until the full filing fee has been paid in accordance with 28 U.S.C. § 1915(b)(2). Burton filed a motion to proceed IFP on appeal in this Court on August 15, 2017. Our Clerk granted the motion on September 11, 2017, and advised Burton that summary action may be appropriate.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion to proceed IFP for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985). Summary action is appropriate when no substantial issue is raised on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

It has been the law of this Circuit for over forty years that the decision to grant or deny a motion to proceed IFP should, barring exceptional circumstances not present here, be based solely on the litigant's financial status. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); see also Gibbs v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998) ("the general practice in this Circuit is to grant leave to proceed based solely on a showing of indigence"). Although the District Court's order merely denied Burton's motion to

3

proceed IFP, it made no mention at all of Burton's financial status, much less analyze whether he qualifies for IFP status. Rather, the Court's analysis exclusively addresses the merit of Burton's claim, which, in this Circuit, is an improper basis for denying an IFP motion. The District Court thereby abused its discretion.[2] It then added to its error by directing prison officials to deduct funds from Burton's prison account. Such an order is only appropriate after a court <u>grants</u> a motion to proceed IFP. <u>See</u> 28 U.S.C. § 1915(b).[3]

Accordingly, we will vacate the District Court's orders denying Burton's motion to proceed IFP and directing the prison to deduct the filing fee in installments from Burton's prison account,[4] and remand the matter for further proceedings.[5]

---

[2] It appears from Burton's filings in the District Court that the District Court would likely conclude that he qualifies for IFP status were it to conduct the appropriate analysis.

[3] Courts denying motions to proceed IFP should provide litigants with an opportunity to pay the filing fee in full on pain of dismissal in the event they fail to do so.

[4] If the District Court does not grant Burton's IFP motion on remand, any fees collected pursuant to the District Court's August 7 order should be returned to Burton.

[5] The District Court may have meant to grant Burton's motion to proceed IFP and dismiss his complaint on the merits under 28 U.S.C. §§ 1915(e)(2)(B), although it made no reference to that provision, or to dismiss the complaint under 28 U.S.C. § 1915A, to which it does make a passing reference. We express no opinion on whether Burton's complaint deserves such a fate.

4